**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ARIEL TORRES and RAPHYR LUBIN,**
**individually and on behalf of all others**
**similarly situated,**

    **Plaintiffs,**

v.     CASE NO.:   8:20-cv-1311-T-36TGW

**STARBUCKS CORPORATION,[1]**

    **Defendant.**
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT FOR STATUTORY**
**DAMAGES AND INJUNCTIVE RELIEF**

Named Plaintiffs Ariel Torres and Raphyr Lubin ("Plaintiffs"), file this First Amended Class Action Complaint alleging Defendant Starbucks Corporation ("Defendant" or "Starbucks") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide them with a COBRA notice that complies with the law.

**INTRODUCTION**

1.    Despite having access to the Department of Labor's Model COBRA form, Defendant chose not to use it— presumably to save Defendant money by pushing terminated employees away from electing COBRA.[2]

---

[1] Plaintiffs have opted to name "Starbucks Corporation", rather than Starbucks Coffee Company, as the Defendant because further researching revealed it was actually the Plan Administrator.

[2] In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2%

2. Instead of utilizing the DOL Model Notice and sending a single COBRA notice "written in a manner calculated to be understood by the average plan participant" containing all required by law, to save money Defendant instead opted to break the information into multiple documents containing bits and pieces of information on COBRA, which neither individually nor cumulatively contain all of the missing information.

3. In fact, the DOL Model Notice was designed to avoid precisely the issues caused by Defendant confusing and piecemeal COBRA rights notification process.

4. The deficient COBRA notices at issue in this lawsuit both confused and misled Plaintiffs. In fact, Defendant's deficient COBRA notice caused Plaintiffs economic injuries in the form of lost insurance, higher insurance premiums, and unpaid medical bills.

5. Plaintiffs also suffered informational injuries because they did not receive all information to which they were entitled by law under COBRA.

6. Not only that, Defendant's deficient COBRA notice presented a significant risk of harm to Plaintiffs sufficient to confer standing.

7. And, Plaintiffs' standing also independently rests on the fact that the common law protects against harms resulting from misleading or incomplete disclosures.

8. And while Defendant was not legally obligated to utilize the Model DOL COBRA notice, its decision to deviate from the DOL Model notice while also not providing all of the statutorily proscribed information makes it subject to liability in this lawsuit.

---

administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

10. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2).

11. Defendant operates in this District and in this Division.

12. Plaintiffs are Florida citizens and each reside in the Middle District of Florida, Tampa Division.

13. Named Plaintiff Ariel Torres worked for Defendant in the Middle District of Florida, Tampa Division (as did Named Plaintiff Raphyr Lubin's wife), and both Plaintiffs were covered under the Starbucks Corporation Welfare Benefits Plan ("the Plan") within this District.

14. Because Plaintiffs received the deficient COBRA notices in this District, venue is also proper in the Middle District of Florida, Tampa Division.

15. Furthermore, Plaintiffs utilized Defendant's health insurance within this District, received the violative COBRA election form within this District, and lost insurance coverage in the Middle District of Florida, Tampa Division.

16. Defendant is registered to and does business in the State of Florida, including in the Middle District of Florida, Tampa Division.

17. Defendant employed more than 20 employees who were members of the Plan during each of the four years preceding the filing of the complaint.

18. Defendant is the Plan sponsor within the meaning of ERISA, and the administrator of the Plan within the meaning of ERISA.

19. The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## COBRA NOTICE REQUIREMENTS

20. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

21. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

22. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

23. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

24. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4).

25. This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

26. To facilitate compliance with notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4.

27. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).

28. In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

29. Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below, causing Plaintiffs to lose their insurance and suffer significant informational and economic harm.

### *Defendant's Notice Violates 29 C.F.R. § 2590.606-4*

30. Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Among other things:

   **a.  Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);**

   **b.  Defendant's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name, address and telephone number of the party responsible under the plan for administration of continuation**

5

>  coverage benefits, including as to both the Plan Administrator and COBRA Administrator;
>
> c. Defendant's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fail to provide the name of the plan;
>
> d. Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which payments should be sent;
>
> e. The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information; and, finally,
>
> f. Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.

31. Defendant's COBRA notice confused Plaintiffs and resulted in their inability to make an informed decision as to electing COBRA continuation coverage.

32. To compound the confusion, Defendant sent out to Plaintiffs and the putative class members a separate letter (or letters) containing additional information on COBRA containing some – but not all – of the information missing from its COBRA Enrollment Notice. While it (or they) contain(s) some of the information missing from the COBRA Enrollment Notice, it omits other required information.

33. In fact, Plaintiffs did not understand the notice and, further, Plaintiffs were unable to elect COBRA because of the confusing and incomplete Defendant COBRA notice.

### *Facts Specific to Named Plaintiff Ariel Torres*

34. Plaintiff Ariel Torres is former employee of Defendant and was a participant in the Starbucks Health Plan.

35. Plaintiff Ariel Torres's employment was terminated on March 23, 2020.

6

36. Importantly, he was not terminated for gross misconduct as evidenced by the fact that he received a COBRA enrollment notice from Defendant expressly indicating he was eligible for COBRA continuative coverage.

37. As a result of his termination, Plaintiff Ariel Torres experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

38. Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Plaintiff Torres the deficient COBRA enrollment notice.

### *Facts Specific to Named Plaintiff Raphyr Lubin*

39. Named Plaintiff Raphyr Lubin's wife is a former employee of the Starbucks located 1800 Bruce B Downs Blvd., Wesley Chapel, FL 33544, where she worked from March of 2018 through February of 2019.

40. Raphyr Lubin was a qualified beneficiary and entitled to COBRA continuation coverage because he was covered by the Starbucks Health Plan.

41. As a result of his wife's termination in February of 2019, Plaintiff Raphyr Lubin experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

42. Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Raphyr Lubin the deficient COBRA enrollment notice.

### *Qualifying Events and Resultant Harm*

43. Following each Plaintiffs' respective qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail them the deficient COBRA enrollment notice at issue in this lawsuit.

44. The deficient COBRA notice that Plaintiffs received was violative of COBRA's mandates for the reasons set forth herein.

45. Plaintiffs are not making claims for benefits under ERISA. As such, Defendant has in place no administrative remedies for statutory damages and injunctive relief Plaintiffs were required to first exhaust prior to bringing this suit.

46. But even if such administrative remedies exist as to Plaintiffs' claims, any attempt to exhaust the same would have been futile as this is not an ERISA benefits case.

47. Further, exhaustion of administrative remedies is not required because Plaintiffs were not provided with proper notice of their rights in the first instance.

48. Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical-related bills/expenses, due to Defendant's deficient COBRA forms.

49. And, not only did Plaintiffs lose their insurance coverage, after they lost their insurance they incurred medical and health-care related expenses, resulting in further economic injury.

50. Plaintiffs suffered further injury when they were forced to forego treatment because they lost health insurance due to Defendant's deficient COBRA notice.

51. Plaintiffs also lost control over their personal health plan, and including provider selection. Additionally, Plaintiffs could not pro-actively manager their health and medical care, since they did not have insurance.

52. Plaintiffs suffered injury in the form of stress and anxiety created by the loss of insurance coverage, as well as time wasted trying to cure the problems created by Defendant's deficient notice.

53. Defendant's deficient COBRA notice also presented a significant risk of harm to Plaintiffs sufficient to confer standing.

54. And, Plaintiffs' standing also independently rests on the fact that the common law protects against harms resulting from misleading or incomplete disclosures.

55. Finally, Defendant's deficient COBRA notice also caused Plaintiffs an informational injury when Defendant failed to provide them with information to which they were entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

## RULE 23 ALLEGATIONS

56. Plaintiffs brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Starbucks Health Plan who were sent a COBRA notice in the form provided to Plaintiffs, during the applicable statute of limitations period as a result of a qualifying event, as determined by Starbucks' records, who did not elect continuation coverage, and who did not sign or opted out of the Starbucks arbitration agreement.**

57. No administrative remedies exist as a prerequisite to Plaintiffs' claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

58. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

59. <u>Typicality:</u> Plaintiffs' claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiffs was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiffs received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

60. <u>Adequacy:</u> Plaintiffs will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

61. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

    b. Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    c. Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

    d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

  e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

62. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

63. Plaintiffs intend to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure.  The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator.

## CLASS CLAIM I FOR RELIEF
*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

64. Plaintiffs reincorporate by reference paragraphs 1 – 7 and 29 – 55 from above.

65. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

66. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

67. Plaintiffs and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

68. On account of such qualifying event, Defendant sent Plaintiffs and the Class Members a COBRA notice in the form attached hereto.

69. The COBRA notice that Defendant sent to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

70. These violations were material and willful.

71. Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiffs and other Class Members.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiffs, individually and on behalf of the Class, pray for relief as follows:

a. Designating Plaintiffs' counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendant's expense;

c. Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

    e.    Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

    f.    Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

    g.    Granting such other and further relief, in law or equity, as this Court deems appropriate.

DATED this 21st day July, 2020.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**LUIS A. CABASSA**
Florida Bar Number: 053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
**Attorneys for Plaintiffs**

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N. Franklin Street, Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of July, 2020, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all parties and/or counsel of record.

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
