# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RAPHYR LUBIN, individually and on behalf of all others similarly situated,**

   **Plaintiff,**

**v.**

**STARBUCKS CORPORATION,**

   **Defendant.**

_____/

**CASE NO.: 8:20-cv-1311**

## SECOND AMENDED CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF

Pursuant to Fed. R. Civ. P. 15(a)(2), and with Defendant's written consent, Named Plaintiff, Raphyr Lubin ("Plaintiff"), files this Second Amended Class Action Complaint alleging Defendant Starbucks Corporation ("Defendant" or "Starbucks") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide and the putative class members he seeks to represent with a COBRA notice that complies with the law.

## INTRODUCTION

1. This case has been pending for more than five years as a result of an unsuccessful appeal by Defendant to the Eleventh Circuit of this Honorable Court's Order denying, in part, Starbucks' Motion to Compel Arbitration. (*See* Doc. 52).

More notably, Starbucks revised its COBRA notice only after this lawsuit began—a tacit admission that the earlier notice was defective.

2.   Despite having access to the Department of Labor's Model COBRA form, Defendant chose not to use it— presumably to save Defendant money by pushing terminated employees away from electing COBRA.

3.   In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

4.   Additionally, The Employee Benefit Research Institute (EBRI) analyzed health plan data and found that "individuals covered by COBRA incurred total health care costs nearly 300 percent higher compared with those receiving coverage as full-time employees." The study attributes this disparity to adverse selection, concluding that COBRA enrollees "are typically older, have more chronic conditions, and use more health services" than active employees.  Employee Benefit Research Institute, *COBRA Coverage: Who Uses It and How Much Does*

*It Cost?* Issue Brief No. 511 (Aug. 20, 2020), https://www.ebri.org/docs/default-source/infographics/59_ig-cobra-20aug20.pdf.

5.    Instead of utilizing the DOL Model Notice and sending a single COBRA notice "written in a manner calculated to be understood by the average plan participant" containing all information required by law, to save money Defendant instead opted to break the information into multiple documents containing bits and pieces of information on COBRA, which neither individually nor cumulatively contain all of the missing information.

6.    In fact, the DOL Model Notice was designed to avoid precisely the issues caused by Defendant confusing and piecemeal COBRA rights notification process.

7.    The COBRA forms used by Defendant are known as the "Alight" forms and have recently been the subject of a multitude of class action cases, including against Marriott, Target, Home Depot, U.S. Foods, Pepsi, *etc*.

8.    In fact, the COBRA forms used by Defendant are nearly identical to the COBRA notice Judge Scriven analyzed in *Vazquez v. Marriott Int'l, Inc.*, No. 8:17- cv-00116-MSS-MAP, 2018 WL 3860217 (M.D. Fla. Aug. 7, 2018). In the *Vazquez* case, not only did the court deny a defendant's motion to dismiss, but Judge Scriven certified nationwide class of 19,000 individuals. Moreover, the Eleventh Circuit denied the Marriott defendant's Rule 23(f) petition challenging the *Vazquez*'s certification order. Thus, while not at issue now, there is no question

3

Plaintiff has both plausibly stated a claim and that this case is well-suited for class treatment.

9. In this case, the deficient COBRA notices at issue both confused and misled Plaintiff.

10. Defendant's deficient COBRA notice caused Plaintiff economic injuries in the form of lost insurance, higher insurance premiums, and out-of-pocket medical expenses related to vision care. Because Starbucks failed to provide a compliant notice, Lubin lost coverage under the Plan's vision benefit and paid out-of-pocket for vision care. That financial loss flows directly from Starbucks's violation.

11. Plaintiff also suffered an informational injury because Defendant failed to provide the disclosures required by COBRA. COBRA grants a statutory right to receive specific information in a clear, integrated notice. Deprivation of that information—without which an average participant cannot exercise election rights—constitutes a concrete informational injury.

12. Not only that, Defendant's deficient COBRA notice presented a significant risk of harm to Plaintiff sufficient to confer standing.

13. Plaintiff's standing also independently rests on the fact that the common law protects against harms resulting from misleading or incomplete disclosures. Misleading or incomplete disclosures are recognized harms at common law—akin to negligent misrepresentation and failure to warn.

14. And while Defendant was not legally obligated to utilize the Model

DOL COBRA notice, its decision to deviate from the DOL Model notice while also not providing all of the statutorily proscribed information makes it subject to liability in this lawsuit. Presumably, that is why Defendant corrected its COBRA notice *after* this lawsuit was filed.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

16. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2).

17. Defendant operates in this District and in this Division.

18. Plaintiff is a Florida citizen and resides in the Middle District of Florida, Tampa Division.

19. Named Plaintiff Raphyr Lubin's wife worked for Starbucks and he was covered under the Starbucks Corporation Welfare Benefits Plan ("the Plan") within this District.

20. Because Plaintiff received the deficient COBRA notices in this District, venue is also proper in the Middle District of Florida, Tampa Division.

21. Furthermore, Plaintiff utilized insurance arising under the Plan within this District, received the violative COBRA election form within this District, and lost insurance coverage in the Middle District of Florida, Tampa Division.

22. Defendant is registered to and does business in the State of Florida, including in the Middle District of Florida, Tampa Division.

23.     Defendant employed more than 20 employees who were members of the Plan during each of the four years preceding the filing of the complaint.

24.     Defendant is the Plan sponsor within the meaning of ERISA, and the administrator of the Plan within the meaning of ERISA.

## THE PLAN

25.     The Starbucks Corporation Welfare Benefits Plan ("the Plan") provides medical, dental, and vision insurance and benefits to eligible employees and their beneficiaries. The Plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1) and a "group health plan" within the meaning of 29 U.S.C. § 1167(1).

26.     Starbucks is the sponsor and administrator of the Plan. Starbucks exercises discretionary authority and control over the operation and administration of the Plan, including responsibility for COBRA continuation coverage notices.

27.     The Plan is structured as a single, integrated welfare benefit plan that provides multiple types of health coverage—including medical, dental, and vision insurance—through separate insurance contracts administered by third-party carriers. Those contracts, including the vision coverage provided through EyeMed Vision Care ("EyeMed"), are components of the same Plan maintained by Starbucks.

28.     COBRA applies to the Plan as a whole, and each qualified beneficiary under any component benefit—including vision coverage—is entitled to receive a

6

single, compliant COBRA election notice.

29.     Starbucks identifies the Plan as the Starbucks Corporation Welfare Benefits Plan and reports multiple insurance contracts under that Plan. All insured benefits, including vision, are part of one consolidated ERISA plan—not separate, standalone plans.

30.     The Plan's COBRA obligations apply to all group health benefits provided under the Plan, including vision coverage. Participants and beneficiaries enrolled in any health benefit under the Plan are "qualified beneficiaries" entitled to receive a COBRA continuation notice upon a qualifying event, such as termination of employment.

31.     Plaintiff was a participant in the Plan through his enrollment in the vision insurance benefit offered under the Plan. As a participant in a group health plan within the meaning of 29 U.S.C. § 1167(1), Plaintiff was entitled to a compliant COBRA notice upon the termination of his employment.

32.     Starbucks, as the Plan Administrator, had the duty under 29 U.S.C. § 1166(a) to provide each qualified beneficiary with a notice describing their rights to elect continuation coverage under the Plan.

33.     Starbucks failed to provide Plaintiff and other similarly situated participants with a COBRA notice that complied with the requirements of 29 U.S.C. § 1166 and its implementing regulations.

34.     Because the Plan encompasses all health-related benefits, including vision, Plaintiff has standing to represent all participants and beneficiaries who

lost any form of group health coverage under the Plan and received the same deficient COBRA notice.

## COBRA NOTICE REQUIREMENTS

35. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

36. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

37. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

38. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

39. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4).

40. This notice must be "[i]n accordance with the regulations prescribed

by the Secretary" of Labor.  29 U.S.C. § 1166(a).

41.    To facilitate compliance with notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4.

42.    In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).

43.    In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

44.    Such is the case here.  Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below, causing Plaintiff to lose his insurance and suffer significant informational and economic harm.

### *Defendant's Notice Violates 29 C.F.R. § 2590.606-4*

45.    Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Among other things:

a. **Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);**

b. **Defendant's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator;**

c. **Defendant's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name of the plan;**

d. **Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which payments should be sent;**

e. **The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information; and, finally,**

f. **Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.**

46. Defendant's COBRA notice confused Plaintiff and resulted in his inability to make an informed decision as to electing COBRA continuation coverage.

47. To compound the confusion, Defendant sent out to Plaintiff and the putative class members a separate letter (or letters) containing additional information on COBRA containing some – but not all – of the information missing

10

from its COBRA Enrollment Notice. While it (or they) contain(s) some of the information missing from the COBRA Enrollment Notice, it omits other required information.

48.     In fact, Plaintiff did not understand the notice and, further, Plaintiff was unable to elect COBRA because of the confusing and incomplete Defendant COBRA notice.

49.     Had Starbucks provided a compliant notice, Lubin would have elected COBRA continuation coverage for vision benefits. Because the notice failed to explain how or where to enroll, he lost the opportunity to continue coverage and incurred unreimbursed expenses.

### *Facts Specific to Named Plaintiff, Raphyr Lubin*

50.     Named Plaintiff Raphyr Lubin's wife is a former employee of the Starbucks located 1800 Bruce B Downs Blvd., Wesley Chapel, FL 33544, where she worked from March of 2018 through February of 2019.

51.     Raphyr Lubin was a qualified beneficiary and entitled to COBRA continuation coverage because he was covered by the Starbucks Health Plan, specifically with vision coverage.

52.     As a result of his wife's termination in February of 2019, Plaintiff Raphyr Lubin experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

53.     Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Raphyr Lubin the deficient COBRA enrollment notice.

54.     Following Plaintiff's qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail him a deficient COBRA enrollment notice at issue in this lawsuit.

55.     The deficient COBRA notice that Plaintiff received was violative of COBRA's mandates for the reasons set forth herein.

56.     Plaintiff is not making a claim for benefits under ERISA.  As such, Defendant has in place no administrative remedies for statutory damages and injunctive relief Plaintiff was required to first exhaust prior to bringing this suit.

57.     But even if such administrative remedies exist as to Plaintiff's claims, any attempt to exhaust the same would have been futile as this is not an ERISA benefits case.

58.     Further, exhaustion of administrative remedies is not required because Plaintiff was not provided with proper notice of his rights in the first instance.

59.     Plaintiff suffered a concrete economic injury, including the loss of vision insurance coverage and out-of-pocket medical-related expenses for vision treatment, as a direct result of Defendant's deficient COBRA notices.

60.     After his vision coverage lapsed, Plaintiff was forced to pay health-care costs for vision treatment that would have been covered by COBRA insurance—further compounding his financial harm.

61.     Plaintiff suffered further injury when he was forced to forego vision treatment because he lost his vision insurance due to Defendant's deficient COBRA

notice.

62.     Plaintiff also suffered injury in the form of stress and anxiety created by the loss of insurance coverage, as well as time wasted trying to cure the problems created by Defendant's deficient notice.

63.     Defendant's deficient COBRA notice also presented a significant risk of harm to Plaintiff sufficient to confer standing.

64.     Plaintiff's standing also independently rests on the fact that the common law protects against harms resulting from misleading or incomplete disclosures.

65.     Finally, Defendant's deficient COBRA notice also caused Plaintiff an informational injury when Defendant failed to provide him with information to which they were entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

## RULE 23 ALLEGATIONS

66.     Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All beneficiaries in the Starbucks Corporation Welfare Benefits Plan who were sent a COBRA notice in the form provided to Plaintiff, during the applicable statute of limitations period as a result of a qualifying event, and  all participants who opted out of arbitration, who did not elect continuation coverage, as determined by Starbucks' records.**

67.     No administrative remedies exist as a prerequisite to Plaintiff' claims on behalf of the Putative Class.   As such, any efforts related to exhausting such non-existent remedies would be futile.

68.     Numerosity: The Class is so numerous that joinder of all Class members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

69.     Typicality: Plaintiff's claims are typical of the Class.   The COBRA notice  that Defendant sent to Plaintiff was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiff received was typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

70.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

71.     Commonality: Common questions of law and fact exist as to all members of  the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.      Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

b.      Whether Defendant's COBRA notice complied with the requirements of 29  U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

c.      Whether statutory penalties should be imposed against Defendant

14

under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

72. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

73. Plaintiff intends to send notice to all Class Members to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator.

## CLASS CLAIM I FOR RELIEF
### *Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

74. Plaintiff reincorporates by reference paragraphs 1 –14, 25-34, and 45 – 65 from above.

75. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

76. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

77. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

78. On account of such qualifying event, Defendant sent Plaintiff and the Class Members a COBRA notice in the form attached hereto.

79. The COBRA notice that Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

80. These violations were material and willful.

81. Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

82. Starbucks knew of or should have known of the Department of Labor's

16

Model Notice but continued to send its deficient form for years. Only after this litigation began did it revise the form—confirming its prior knowledge of noncompliance and reckless disregard of participant and beneficiaries' rights.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for relief as follows:

a.  Designating Plaintiff's counsel as counsel for the Class;

b.  Issuing proper notice to the Class at Defendant's expense;

c.  Declaring that the COBRA notice sent by Defendant to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d.  Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

e.  Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

f.  Awarding Plaintiff's counsel reasonable attorneys' fees, costs, and expenses under 29 U.S.C. § 1132(g)(1) and other applicable law, including the "catalyst theory," because Starbucks revised its

17

COBRA notice in response to this lawsuit;

g.     Requiring Defendant to send a corrective notice and offer retroactive COBRA coverage eligibility;

h.     Granting such other and further relief, in law or equity, as this Court deems appropriate.

DATED this 17th day October, 2025.

Respectfully submitted,

*/s/ Brandon J. Hill*

**BRANDON J. HILL**
Florida Bar Number: 0037061
**LUIS A. CABASSA**
Florida Bar Number: 053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
**Attorneys for Plaintiff**

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N. Franklin Street, Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day October, 2025, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all parties and/or counsel of record.

/s/ Brandon J. Hill
**BRANDON J. HILL**